```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEYBANK NATIONAL ASSOCIATION,  )
          Plaintiff,           )
                               )
     v.                        )   Civil Action No. 05-144
                               )
TODD A. REIDBORD, ESQ.,        )
          Defendant.           )
```

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                              October 12, 2006

      This is an action in tort. Plaintiff, KeyBank National Association, alleges that defendant, Todd A. Reidbord, committed fraud and legal malpractice in violation of Pennsylvania law. Plaintiff seeks indemnification, contribution under 42 Pa.C.S. § 8324(a), and a declaratory judgment under 28 U.S.C. § 2201. Plaintiff seeks reimbursement for attorney fees and costs associated with a related lawsuit. Defendant has filed a motion for judgment on the pleadings arguing that plaintiff has failed to allege any factual or legal grounds that entitle it to any of the relief it seeks. We agree with defendant and dismiss this suit.

I.  BACKGROUND

As required in a motion for judgment on the pleadings, the facts are construed in plaintiff's favor:

Defendant, Todd Reidbord, is president and in-house counsel of Walnut Capital Partners ("Walnut Capital"), a Pittsburgh real estate developer.  Michael Goldstein[1], is an attorney with an unidentified relationship to Walnut Capital other than a shared street address in Pittsburgh, Pennsylvania.  In March 2000, Plaintiff KeyBank National Association ("KeyBank") made a $26.5 million real estate loan to Walnut Capital.

As a condition of the loan, Walnut Capital was required to enter into an interest rate hedging transaction through any acceptable entity of its choice. Walnut Capital entered into a "ten year forward starting interest rate swap" (the "Swap") with KeyBank in the amount of $13.5 million and a two-year forward period. The Swap was intended to hedge against rising interest rates during the lifetime of the loan and to be settled for cash when the loan terminated. The direction of the Swap payment was determined by interest rate movements: if those rates increased,

---

[1] Michael Goldstein was originally a named defendant in this lawsuit. Mr. Goldstein's motion to dismiss was granted by Judge William L. Standish on November 28, 2005.  For reasons unrelated to this case, it was subsequently reassigned to this court.

2

KeyBank would pay Walnut Capital; if interest rates fell, Walnut Capital would pay KeyBank.

As a further condition of the loan and the Swap, KeyBank required Walnut Capital to provide a legal opinion letter confirming, "the validity and complete legal enforceability of the documents and transactions between the parties." (Complaint, ¶ 9.) On March 23, 2000, KeyBank received a legal opinion letter signed by Mr. Goldstein which stated:

> [W]e have made such legal and factual examinations and inquiries as are pertinent or necessary for the purpose of rendering the opinions herein expressed. We have examined and are familiar with the originals or copies, certified or otherwise, identified to our satisfaction, of such documents, records and other instruments as are necessary for the furnishing of this opinion letter.
>
> The Loan Documents executed by the Guarantors....have been duly executed and delivered by the Guarantors, and are legal, valid, and binding obligations enforceable with respect to each of the Guarantors in accordance with their terms.

(Complaint, ¶ 10)

Plaintiff claims that the legal opinion letter was actually written by Mr. Riedbord, not Mr. Goldstein. According to Plaintiff, it never would have entered into the loan or Swap agreements had it known Mr. Riedbord was the letter's real author. As a Guarantor of the loan, Mr. Riedbord's apparent conflict of interest would have made the letter unacceptable to KeyBank.

3

In the two years following the execution of the loan, "interest rates plummeted." (Complaint, ¶ 14.) As a result, when Walnut Capital terminated the Swap in November 2002, it was required to pay, and did pay, KeyBank $3.6 million.

In February 2003, Walnut Capital sued KeyBank, claiming fraud and negligent misrepresentation in connection with the Swap. See Walnut Capital Partners, et al., v. KeyBank N.A., et al., CA 03-0284 (W.D. Pa. 2003) (the Swap litigation). Plaintiff claims that in opposition to a motion to dismiss the amended complaint in the Swap Litigation, Walnut Capital argued for the first time that certain statements in the Swap documents were general disclaimers and, as such, not enforceable. KeyBank claims this position directly contradicts the representations made in the legal opinion letter regarding the validity and enforceability of the transactions and the loan documents.

The court in the Swap litigation granted summary judgment in favor of KeyBank on June 14, 2005. Walnut Capital appealed that decision to the Court of Appeals for the Third Circuit where, as of the date of this Memorandum, it is still pending.

II. STANDARD OF REVIEW

A Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute and

judgment on the merits may be achieved by focusing on the content of the pleadings and any facts of which the court may take judicial notice. See 5C Wright & Miller, Federal Practice & Procedure: Civil 3d. § 1367 (2006). A motion for judgment on the pleadings may be made at any time after the pleadings are closed.

In ruling on a Rule 12(c) motion, the court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. Society Hill Civic Ass'n v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980).

### III. DISCUSSION

Defendant has moved for judgment on the pleadings on the ground that there is no legal authority under which plaintiff can recover costs, legal fees, and expenses in the related Swap litigation. According to defendant, Judge Standish already considered and rejected plaintiff's arguments when he granted Mr. Goldstein's motion to dismiss.

Plaintiff for the first time alleges that it has stated a claim under the Restatement (Second) of Torts § 914 which would allow it to recover legal fees and expenses in the related Swap litigation. Plaintiff also alleges that it has stated a claim for fraud, legal malpractice, indemnification, contribution and a

5

declaratory judgment. The court finds that defendant's motion for judgment on the pleadings should be granted.

Defendant's motion for judgment on the pleadings raises the same substantive issues discussed by Judge Standish in his November 28, 2005 order granting Mr. Goldstein's motion to dismiss. Judge Standish's considered and discussed at length the legal reasons why plaintiff's claims in this litigation are without merit. They need not be repeated here. For the reasons set forth in Judge Standish's order of November 28, 2005, defendant's motion for judgment on the pleadings is hereby granted.

Plaintiff's attempt to introduce a new claim, or recast its complaint as having already presented a cause of action under Section 914 of the Restatement (Second) of Torts, is baseless and merits no further discussion. Plaintiff's request to submit an amended complaint to include a claim under Section 914 of the Restatement (Second) of Torts is denied.

IV. Conclusion

Defendant's motion for judgment on the pleadings is granted. The appropriate order follows.

```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

KEYBANK NATIONAL ASSOCIATION,  )
                               )
        Plaintiff,             )
                               )
    v.                         )   Civil Action No. 05-144
                               )
TODD A. REIDBORD, ESQ.,        )
                               )
        Defendant.             )

## O R D E R

Therefore, this 12th day of October, 2006, IT IS HEREBY ORDERED that defendant's motion for judgment on the pleadings [document #34] is granted.

BY THE COURT:

/s/ _____, J.

cc:   All Counsel of Record